UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHAWN L. FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | 19 C 6578 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Marshawn Floyd pleaded guilty in 2017 to unlawful possession of a firearm as a felon under 18 U.S.C. § 922(g)(1) and was sentenced to 78 months' imprisonment. Doc. 2 at 1; *United States v. Floyd*, No. 16 CR 412 (N.D. Ill.), ECF No. 68. He did not appeal. Floyd now moves under 28 U.S.C. § 2255 to set aside his guilty plea, and thus his conviction, on the ground that he did not admit during his plea to a fact that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), later held is necessary for a conviction under § 922(g)(1). Doc. 2. Floyd's motion is denied and a certificate of appealability will not issue.

**Background**

Floyd was indicted on one count of unlawful possession of a firearm as a felon, in violation of § 922(g)(1). *Floyd*, No. 16 CR 412, ECF No. 1. In pleading guilty, Floyd admitted that he, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm … which … had traveled in interstate commerce prior to [his] possession of it." *Floyd*, No. 16 CR 412, ECF No. 53 at ¶ 6. His plea agreement acknowledged that he had reviewed each of its provisions and accepted each of its terms. *Id.* at ¶ 33. At the plea colloquy, Floyd acknowledged having read the plea

1

agreement and having discussed it with counsel. Doc. 8-1 at 12. Also at the plea colloquy, the Government summarized what its evidence would be if the case were tried, including that "Floyd fell unconscious while holding the firearm in his right hand," that "he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, meaning he was a convicted felon at the time that he possessed the firearm," and "that the gun had been manufactured … at a manufacturing plant outside of Illinois, and … had traveled in interstate commerce prior to [his] unlawful possession of it." *Id*. at 17-18. Floyd affirmed that the Government's statement was correct. *Id*. at 18-19. As noted, the court sentenced Floyd to 78 months' imprisonment, *Floyd*, No. 16 CR 412, ECF No. 68, and he did not appeal.

## Discussion

The Supreme Court in *Rehaif* held that to obtain a conviction under § 922(g), which prohibits certain categories of persons from possessing a firearm, the government must prove "that the defendant knew that he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. For defendants like Floyd charged under § 922(g)(1), which applies to felons, the government must prove, or the defendant must admit, "that he knew he had 'been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year.'" *United States v. Williams*, __ F.3d __, 2020 WL 111264, at *1 (7th Cir. Jan. 10, 2020) (alteration in original) (quoting 18 U.S.C. § 922(g)(1)). As that was not the prevailing interpretation of § 922(g) in the Seventh Circuit when Floyd pleaded guilty, *see ibid*. (citing *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001)), he did not admit as part of his plea that he knew that, at the time he possessed the firearm in question, he had been convicted of a crime punishable by imprisonment of more than one year. Doc. 8-1 at 17-19. In his § 2255 motion, Floyd argues that his plea is invalid because he did not admit that element of the

2

§ 922(g)(1) offense. Doc. 2 at 13-15. He also argues that he is actually innocent of the offense and that he received ineffective assistance of counsel. *Ibid*.

Section 2255(a) provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Such relief is "appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). When reviewing a § 2255 motion, the court must "review evidence and draw all reasonable inferences from it in a light most favorable to the government." *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992); *see also Messinger v. United States*, 872 F.2d 217, 219 (7th Cir. 1989) (similar); *United States v. Smith*, 2017 WL 1321110, at *1 (N.D. Ill. Apr. 3, 2017) (similar), *aff'd*, 877 F.3d 720 (7th Cir. 2017).

The Government concedes that *Rehaif* applies retroactively on collateral review. Doc. 8 at 5 n.3. *But see In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* does not apply retroactively on collateral review). But the Government opposes § 2255 relief on the ground that Floyd procedurally defaulted his *Rehaif* argument by not pressing it in the district court during his criminal proceeding or on direct appellate review. Doc. 8 at 7-10.

"In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal. A petitioner may, however, overcome procedural default by showing cause for the default and actual prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018) (internal quotation marks and citations omitted). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

As to cause and prejudice, even assuming that the change in the interpretation of § 922(g) effected by *Rehaif* qualifies as cause for a procedural default, Floyd cannot demonstrate prejudice. *See United States v. Frady*, 456 U.S. 152, 168 (1982) ("In applying this dual standard to the case before us, we find it unnecessary to determine whether [the § 2255 petitioner] has shown cause, because we are confident he suffered no actual prejudice … ."). There is "continuing ambiguity" in the Seventh Circuit as to whether the standard to establish prejudice for procedural default is the same as for ineffective assistance of counsel, *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 n.13 (7th Cir. 2001), but the Seventh Circuit has suggested that, insofar as the two standards differ, it is more difficult to demonstrate prejudice to excuse a procedural default than to prevail under *Strickland*. *See Belford v. United States*, 975 F.2d 310, 315 (7th Cir. 1992) ("Consequently, [the petitioner] has failed to satisfy *Strickland* and therefore has fallen short in his efforts to satisfy the cause and prejudice test."), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

Because Floyd has not met his burden even under the *Strickland* formulation of prejudice, he cannot establish prejudice for purposes of evading his procedural default. "In the context of a

4

guilty plea, a petitioner demonstrates prejudice by 'show[ing] that there is a reasonable probability that, but for counsel's error[] [regarding the necessary elements of the crime charged], he would not have pleaded guilty and would have insisted on going to trial.'" *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (first alteration in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Floyd's prejudice argument thus rests on this premise: Had he only known that the government, to convict him under § 922(g)(1), had to prove that, at the time he possessed the firearm, he knew that he had been convicted of a crime punishable by over one year in prison, he would not have pleaded guilty.

That premise is implausible. Floyd does not argue that he did not know that, at the time he possessed the firearm, he had been convicted of a crime with a possible term of imprisonment over one year. Nor could he. His plea agreement stated that he had previously been convicted of a crime (heroin manufacturing/delivery) for which he was sentenced to *four years* in prison, *Floyd*, No. 16 CR 412, ECF No. 53 at ¶ 9(c)(ii), and he admitted at his plea hearing that "he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year," Doc. 8-1 at 17-18. It is inconceivable that Floyd, at the time he possessed the firearm, was unaware of that felony conviction and sentence. Given this, there is no reasonable probability that Floyd would have declined to plead guilty had he known that a § 922(g)(1) conviction required that he know at the relevant time that he had been convicted of such a crime. *See United States v. Burghardt*, 939 F.3d 397, 403-05 (1st Cir. 2019) (holding that the § 922(g)(1) defendant did not demonstrate a reasonable probability that he would have declined to plead guilty had he been told of *Rehaif*'s "scienter-of-status element," reasoning that the defendant's "receipt of … sentences [of greater than one year in prison] would certainly have made clear to

5

[him] the fact that his offenses were punishable by more than a year in prison"). It follows that Floyd cannot demonstrate the prejudice necessary to overcome his procedural default.

Nor can Floyd overcome his procedural default based on actual innocence. To pass through the actual innocence gateway, Floyd must "show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone*, 889 F.3d at 903, 906 (quoting *McCoy*, 815 F.3d at 295). Because the record indisputably shows that Floyd had been convicted of a felony and sentenced to four years' imprisonment, and because Floyd does not and could not plausibly argue that he did not know of that conviction and its sentence at the time he possessed the firearm, a jury properly instructed under *Rehaif* surely would have convicted him under § 922(g)(1).

Floyd's ineffective assistance claim may be brought on collateral review, *see Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017), but it fails on the merits. Floyd blames his attorney's alleged ineffectiveness for his failure to raise the *Rehaif* issue during his criminal case and on direct appeal. To prevail on his ineffective assistance claim, Floyd must show that counsel's performance was deficient and that the deficient performance prejudiced him. *See ibid*. (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Even if Floyd could show deficient performance, an unlikely prospect given circuit precedent at the time, *see Williams*, 2020 WL 111264, at *1, he cannot show prejudice for the reasons set forth above.

**Conclusion**

Floyd's § 2255 motion is denied. Under § 2255 Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *White v. United States*, 745 F.3d

834, 835 (7th Cir. 2014). Under this standard, Floyd must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (similar). Floyd has failed to make that showing, so a certificate of appealability is denied.

January 23, 2020                              _____
                                                               United States District Judge